UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUSTRY SAILEE,<br><br>       Plaintiff,<br><br>       v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>FIRST JUDICIAL DAKOTA COUNTY,<br>TERRY KELLEY, MIRAM REA,<br>BRENDA LIGHT BODY, and<br>JUDGE PERKINS,<br><br>       Defendants. | Civil File No. 08-5178 (JMR/JSM)<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff commenced this action on September 12, 2008, by filing a self-styled complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court examined Plaintiff's complaint, and determined that it was fatally defective. It was therefore recommended that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). (See Report and Recommendation dated September 24, 2008; [Docket No. 3].) However, Plaintiff subsequently filed an amended complaint, (Docket No. 5), which prompted the District Court Judge to remand the matter back to this Court for further review. (See Order dated November 10, 2008; [Docket No. 8].)

      On remand, the Court determined that Plaintiff's new pleading, like the original, was deficient in several respects. Therefore, by order dated November 17, 2008, (Docket No. 10), the Court directed Plaintiff to re-plead once again. The order expressly informed Plaintiff that if he did not file a second amended complaint by December 19, 2008, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff was also ordered to file properly completed marshal service forms by no later than December 19, 2008, failing which the Court would recommend that this

action be dismissed.

The deadline for complying with the Court's last prior order has now expired, and Plaintiff has not yet filed any new pleading or marshal service forms, nor has he offered any excuse for his failure to do so.  Therefore, the Court will now recommend, in accordance with the previous order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Because Plaintiff has failed to comply with the Court's prior order, and he is therefore deemed to have abandoned this action, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 11), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application To Proceed In Forma Pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's Motion for Appointment of Counsel, (Docket No. 11), be **DENIED;** and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:     March 13, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 30, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.